UNITED STATES
BANKRUPTCY COURT
SOUTHERN DISTRICT OF
NEW YORK

_____

|  |  |  |
|---|---|---|
| **In re** | x<br>:<br>: | Case No. 22-11293-PB (Prehired, LLC) |
| **PREHIRED, LLC, et al.,** | :<br>:<br>: | Case No. 22-11310-PB (Prehired Accelerator, LLC) Case No. 22-11311-PB (Prehired Recruiting, LLC) |
| **Debtors**[1] | :<br>:<br>:<br>x |  |

_____

<u>Debtor's Statement for Preliminary Conference</u>

Prior to filing a voluntary petition under Chapter 11 of the Bankruptcy Code, Prehired LLC was in the business of training and mentoring people to sell products in the software industry. The related companies Prehired Accelerator, LLC and Prehired Recruiting, LLC support the mission of Prehired, LLC. Prehired originally allowed the mentored people to finance their program by entering into income service agreements ("ISAs") under which the person who is being trained does not pay any fees for the program until the person completes the program and obtains a job paying an agreed upon minimum level of salary. Prehired, LLC sued people who defaulted under their obligations to Prehired, LLC. This drew the attention of the Delaware attorney general who has since been joined by the attorneys general of 15 other states who ongoing investigations or current litigation. The attorneys general involved have taken the position that Prehired

LLC cannot attempt to collect on these debts pending their investigations. Additionally, negative publicity has drastically slowed the number of persons signing up for the program. As a consequence, Prehired LLC and its related companies filed a voluntary petition under chapter 11 of the Bankruptcy Code.

## Efforts to Develop a Chapter 11 Plan

Prehired, LLC and its related companies as part of the reorganization process are extensively exploring the possibilities for debtor in possession financing. Secondly, Prehired, LLC is changing the financing structure of its operations. Prehired, LLC will not enter into ISAs with persons entering the program. Instead, Prehired LLC will use a contractual procedure under which future persons who enter the mentoring, training program will enter into a retail installment contract and make regular payments without regard to future income. One problem which is slowing the drafting of a chapter 11 plan is the outstanding accounts receivable of Prehired, LLC. The accounts receivable form the largest asset of Prehired, LLC. Without being able to access the amounts which are due Prehired, LLC by attempting to collect from parties in default, it will likely not be possible to reorganize the company successfully. However, various attorneys general especially those of Delaware and Washington State have taken the position that Prehired, LLC may not take any steps to collect upon these accounts receivable. This is a problem which will slow the drafting and finalizing of a

Chapter 11 plan. There must be a resolution to this dispute with the attorneys general at he earliest possible date. There is a civil action filed against Prehired, LLC in Federal Court in the Southern District of California for $2.5 million. There is a civil action filed by Prehired, LLC against New Epona, Inc. d/b/a/ Blair in the Superior Court for the County of San Francisco in the amount of $2.2 million.

                                                                Respectfully submitted,

                                                                /s/ John Keenan

                                                                John Keenan